STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED

NOV 1 6 2001

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-00-078

INHABITANTS OF
THE TOWN OF GREENE,
            Plaintiff,

v.                                                          ORDER ON MOTION
                                                        FOR SUMMARY JUDGMENT

PAUL CHABOT,
            Defendant.


In April 2000 the Town of Greene initiated this litigation against Paul Chabot to enforce its Land Use Ordinance.    On July 6, 2001, the Town filed a Motion for Summary Judgment, alleging that it was undisputed that Mr. Chabot had been operating a commercial use at the 83 Sprague Mills Road property since at least July 3, 1999, in violation of the Town's Ordinance.   The motion was argued on October 9, 2001 and, at that time, Mr. Chabot argued alternatively that  he has not been operating a commercial business at the property or that there had been no "change" in the use of his property.

Summary judgment may be granted if there are no genuine disputes about material facts and if the moving party is entitled to judgment as a matter of law. In reviewing a motion for summary judgment the court may only consider those portions of the record cited and the material facts contained in the parties' Statements of Material Facts. M.R.Civ.P. 56(h)(4). Those facts are to be considered in the light most favorable to the nonmoving party. *Panasonic Communications & Systems Co. v. State of Maine*, 1997 ME 43, ¶ 10, 692 A.2d  190, 194. The following

undisputed material facts are based upon the parties' statements of material facts[1], and have been reviewed in light of that standard.

## FACTS AND PROCEDURAL HISTORY

On September 24, 1992, Paul Chabot obtained a permit from the Town of Greene to construct a single-family home at 83 Sprague Mills Road in Greene. All of the documents submitted by Mr. Chabot in support of that application indicated that the building to be constructed would be used as a residence. In November 1998 Mr. Chabot submitted another building permit application for a garage to be built at 83 Sprague Mills Road. That application was approved, and Mr. Chabot has substantially completed the construction of the garage.

In July 1999, the Town's Code Enforcement Officer inspected the garage under construction and, after speaking to Mr. Chabot, issued a "First Notice of Violation/Order for Corrective Action" to Mr. Chabot. The Notice informed Mr. Chabot that, because he was engaging in commercial activities at the 83 Sprague Mills Road site, it was necessary for him to apply for a change of use permit and seek site plan review from the Planning Board within ten days. Mr. Chabot did not comply with that Notice.

In October 1999, the Town's attorney sent Mr. Chabot a letter again notifying him of the ongoing violation. Mr. Chabot still did not apply for the change of use permit, and did not seek site plan review.

---

[1] Pursuant to M.R.Civ.P. 56(h)(3), defendant's motion to strike the Town's Supplemental Statement of Material Facts is denied. All Statements have been considered.

2

Mr. Chabot does business as Chabot's Construction Company. Since 1992, the business address for that company has been 83 Sprague Mills Road. Throughout that period, Mr. Chabot has kept the tools, equipment and vehicles associated with his business at that address. Because his "business" is general contracting, excavation and concrete work, he does not perform those activities at Sprague Mills Road.

## DISCUSSION

Since at least 1992, the Town's Ordinance has required all landowners to obtain use permits before initiating commercial use of their land. Although Mr. Chabot has asserted that his use is not commercial, that argument does not withstand even cursory consideration. To accept Mr. Chabot's definition of "commercial" would result in an unreasonable interpretation of the Ordinance and would lead to an absurd result.

The issue, then, is whether Mr. Chabot's construction of the garage constituted a "change" in use or "initiation" of commercial use such that would trigger the requirement of a use permit. Mr. Chabot has claimed that his use of the property is a legal preexisting, non-conforming use. However, the earlier version of the Town's Ordinance also required site plan review for commercial uses. That fact, when combined with the information Mr. Chabot provided with his original building application, prevents the court from determining that Mr. Chabot's use of the property to run his business was a legal preexisting, non-conforming use.

Finally, Mr. Chabot has alleged that the Town is estopped from requiring

compliance because of its past inaction. Even if the statements contained in Mr. Chabot's July 25, 2001 affidavit are accepted as accurate, and even if the court were to find that Mr. Chabot relied upon the statements or inaction by the Town before launching his illegal use of the property, as a matter of law, the court is compelled to find that such reliance was unreasonable. The Ordinance unambiguously requires site plan review and a use or change of use permit for commercial uses of property.

There is no genuine issue of material fact; Mr. Chabot's use of the property at 83 Sprague Mills Road is in violation of the Ordinance. The Town is entitled to a judgment as a matter of law, and Mr. Chabot must be ordered to cease his use of the property for commercial purposes.

The remaining issue concerns the imposition of fines. The Town has argued that 30-A M.R.S.A. § 4452 mandates the imposition of a fine of at least $100 per day so long as the violation continues. However, the Ordinance in effect at the time Mr. Chabot was notified of his violation mandated the imposition of a "fine" of at least $15 per day to be imposed by the Town. The statute, by contrast, speaks of a "penalty" that may be imposed. Because the Town - rather than the State - is responsible for administering its Ordinance, and based upon a review of that Ordinance, the court is satisfied that a fine as low as $15 or as high as $100 may be imposed for each day after July 7, 1999, the date the Town's CEO issued its First Notice. The penalty created by the multiple of $100 would exceed $80,000 and, in light of the violation found, would result in a substantial injustice. Mr. Chabot will also be required to pay the court costs and attorney fees incurred by the Town in

4

enforcing its Ordinance.

## ORDER

For the reasons stated above, the Town's Motion for Summary Judgment is granted. Defendant is ordered to cease all commercial use of the property at 83 Sprague Mills Road, and must pay a fine of $25 for each day after July 7, 1999.

The clerk is instructed to incorporate this order by reference in the docket for this case.

DATED: November 16, 2001

_____
Ellen A. Gorman
Justice, Maine Superior Court